**FILED**
SEP 21 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC | ) ) ) |
| Defendant. | ) ) ) ) |

Civil Action
JUDGE GOTTSCHALL
05C 5445
MAGISTRATE JUDGE KEYS
JURY TRIAL DEMAND

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to Burt Barton, Michael White and classes of employees who were adversely affected by such practices. This is also an action under Title VII for retaliatory discharge of Burt Barton.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant Bridgestone/Firestone North American Tire, LLC ("Defendant" or "Bridgestone/Firestone") has continuously been a corporation doing business in Illinois.

7. At all relevant times, Bridgestone/Firestone has continuously had at least fifteen (15) employees.

8. At all relevant times, Bridgestone/Firestone has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. On January 15, 2003, more than thirty (30) days prior to the institution of this lawsuit, Burt Barton filed a charge of discrimination with the Commission alleging violations of Title VII by Bridgestone/Firestone.

10. On July 31, 2003 and November 14, 2003, more than thirty (30) days prior to the institution of this lawsuit, Michael White filed charges of discrimination with the Commission alleging violations of Title VII by Bridgestone/Firestone.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Defendant has engaged in discrimination against Michael White and Burt Barton and a class of African-American employees in continuing violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) subjecting African-American employees, including Michael White and Burt Barton, to

a hostile working environment based on their race; and

(b) subjecting African-American employees, including Michael White and Burt Barton to different terms and conditions of employment.

13. Defendant has engaged in discrimination against Hispanic employees as a class in continuing violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a). These employment practices include, but are not limited to:

(a) subjecting Hispanic employees to a hostile work environment based on national origin; and

(b) subjecting Hispanic employees to different terms and conditions of employment.

14. Defendant has engaged in racial discrimination against African-American employees as a class in continuing violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by failing to promote qualified African-American employees.

15. Defendant has also violated § 704(a) of Title VII, 42 US.C. 2000e-3(a) by discharging Burt Barton in retaliation for his complaining of race discrimination.

16. The result of the practices complained of in paragraphs 12, 13, 14 & 15 has been to deprive Michael White, Burt Barton and a class of African-American and a class of Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race and/or national origin.

17. The unlawful employment practices complained of above in paragraphs 12, 13, 14 & 15 were and are intentional.

18. The unlawful employment practices complained of in paragraphs 12, 13,14 & 15 were done with malice or with reckless indifference to the federally protected rights of Michael White, Burt Barton and a class of employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race and/or national origin and/or which retaliate against employees for engaging in protected activity under Title VII;

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race and national origin, and which eradicate the effects of its unlawful employment practices on all employees;

  C. Order Defendant to make whole Michael White, Burt Barton and a class of African-American employees adversely affected by the unlawful racial harassment alleged above by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

  D. Order Defendant to make whole the class of Hispanic employees adversely affected by the unlawful national origin harassment alleged above by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including emotional pain, humiliation, and inconvenience in amounts to be determined at trial.

  E. Order Defendant to make whole a class of African-American employees who were qualified for promotion but were not promoted by virtue of the unlawful practices alleged above by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to rightful place instatement to those employees who were not promoted in violation of Title VII and compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

  F. Order Defendant to make whole Burt Barton for discharging him in retaliation for complaining of race discrimination as alleged above by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, front pay or rightful place reinstatement, and compensation for past and future non-pecuniary losses resulting from its

unlawful retaliation including emotional pain, humiliation, and inconvenience in an amount to be determined at trial.

G. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 12, 13, 14 & 15, in amounts to be determined at trial;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Jerome Scanlan
Acting General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507


_____

John C. Hendrickson
Regional Attorney


_____

Gregory Gochanour
Supervisory Trial Attorney


_____

Laurie S. Elkin
Trial Attorney

Equal Employment Opportunity
　　　Commission
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7726

Respectfully submitted,

Jerome Scanlan
Acting General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Laurie S. Elkin
Trial Attorney

Equal Employment Opportunity
Commission
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7726